IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| S & G DEVELOPMENT LLC and DERWIN SIMS, | * * * |
| Plaintiff, | * * |
| vs. | *  No. 2:10CV00096 SWW |
| | * |
| ARKANSAS DEVELOPMENT FINANCE AUTHORITY, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and ARKANSAS ECONOMIC DEVELOPMENT CORPORATION, | * * * * * * * |
| Defendants. | * |

**Memorandum Opinion and Order**

Plaintiff S & G Development LLC ("S&G") is a minority-owned Arkansas corporation. Its chief executive officer is Plaintiff Derwin Sims, an African-American. Plaintiffs allege the Arkansas Development Finance Authority ("ADFA") discriminated against them on the basis of race when it denied their application for a loan. Plaintiffs also name as defendants the United States Department of Housing and Urban Development ("HUD") and the Arkansas Economic Development Corporation ("AEDC"). Before the Court is a motion to dismiss filed by HUD to which plaintiffs responded. For the reasons stated below, the motion is granted.

**Background**

Plaintiffs applied to the ADFA for loan funds under the Neighborhood Stabilization Program ("NSP") which were provided to the State of Arkansas through a special Community Development Block Grant by HUD. They allege the ADFA disqualified their application solely because of their race, that HUD and the AEDC knew or should have known of the racially

discriminatory practices of ADFA and should be held responsible "for either collaboration with the violation of federal law against racial discrimination or for ignoring their enforcement and supervisory responsibility." Compl. at ¶ 29. Plaintiffs seek compensatory damages, lost profits, punitive damages, as well as injunctive relief and/or mandamus prohibiting the State of Arkansas from receiving additional federal funds and staying the funding of any other successful applicants until a mechanism has been created that would guarantee the enforcement of federal laws against race discrimination. Plaintiffs bring their claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. § 16-123-101 *et seq.* They further invoke the jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331, 1363, and 1391.

HUD moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(1), lack of subject matter jurisdiction, and Rule 12(b)(6), failure to state a claim. HUD argues plaintiffs have no private right of action under the Housing and Community Development Act of 1974 where HUD was simply acting in its administrative capacity and is not alleged to have specifically committed any of the discriminatory acts alleged. In addition, HUD asserts that the statutes plaintiffs rely on in asserting jurisdiction do not waive the sovereign immunity of the United States or create a substantive cause of action against HUD. HUD also contends plaintiffs fail to state a claim for which relief may be granted. In addition, HUD moves for dismissal because plaintiff's complaint fails to meet the pleading standards set out in Rule 8(a).

## Standard of Review

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may challenge the factual truthfulness or the facial

sufficiency of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Therefore, in deciding a Rule 12(b)(1) motion, the Court must distinguish between a "facial attack" and a "factual attack." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Where a defendant makes a "facial attack" to jurisdiction, the Court limits its review to the face of the pleadings, similar to the review conducted under Rule 12(b)(6). Where a defendant makes a "factual attack" to jurisdiction, the Court may consider matters outside the pleadings without converting the motion to dismiss into one for summary judgment. *Id.* at 729; Fed. R. Civ. P. 56. In a factual attack the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. . . . [N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude a trial court from evaluating for itself the merits of jurisdictional claims." *Osborn*, 918 F.2d at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The plaintiff bears the burden of proving that jurisdiction does in fact exist. *Id.*

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must contain more than au unadorned claim that the defendants unlawfully harmed the plaintiffs. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atlantic Corp.,* 550 U.S. 554 (2007). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Id*. at 1949-50.

### Discussion

Plaintiffs claim that ADFA's determination that their application for NSP funding was defective was based on racial considerations only. They claim they were treated differently than the applicants who were approved for grants, and that HUD knew or should have know of ADFA's racially discriminatory practices and done something about them. They seek damages as well as injunctive relief and/or mandamus.

**Subject Matter Jurisdiction**

HUD moves to dismiss plaintiffs' claims for lack of subject matter jurisdiction on the grounds of sovereign immunity. "Subject matter jurisdiction ... is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout,* 922 F.2d 492, 293 (8th Cir.1991). Under 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction. *United States v. Mitchell,* 463 U.S. 206, 212 (1983). "[L]imitations and conditions upon which the [United States] Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States,*

352 U.S. 270, 276 (1957).

Sovereign immunity bars claims against federal agencies for damages brought under 42 U.S.C. § 1981. *See Brown v. Gen. Serv. Admin.,* 425 U.S. 820, 827 n. 8 (1976). Neither § 1981 nor the Arkansas Civil Rights Act contain a waiver of the federal government's sovereign immunity. Plaintiffs also invoke the jurisdiction of the Court under Title VII of the Civil Rights Act of 1964. They argue in their response that HUD is not entitled to sovereign immunity as to plaintiffs' claim that HUD denied them employment and employment opportunities in violation of Title VII. Congress waived the federal government's sovereign immunity with respect to employment discrimination claims by including within Title VII a section specific to employment discrimination claims brought by employees of the federal government. *See* 42 U.S.C. § 2000e-16. Any claim brought by plaintiffs' under Title VII would not be barred by sovereign immunity. The Court finds, therefore, that plaintiffs' claims for damages brought pursuant to § 1981 and the Arkansas Civil Rights Act should be dismissed for lack of subject matter jurisdiction.[1]

## Failure to State a Claim

Plaintiffs allege that "HUD . . . knew or should have known of the racially discriminatory practices of ADFA and should be held responsible for either collaboration with the violation of federal law against racial discrimination or for ignoring their enforcement and supervisory responsibility." Compl. at ¶ 29. In response to HUD's motion to dismiss, plaintiffs

---

[1] To the extent plaintiffs assert their claims are brought under 28 U.S.C.§ 1331, this section does not in and of itself does not "create substantive rights in suits brought against the United States. Thus, if § 1331 is to be used to secure relief against the United States, it must be tied to some additional authority which waives the government's sovereign immunity." *Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir. 1999).

characterize their race discrimination claim against HUD as one for employment discrimination under Title VII. Plaintiffs assert they stated sufficient facts in their complaint to establish a *prima facie* claim of race discrimination.

Title VII makes it unlawful for an employer to discriminate against any individual because of that individual's race, color, religion, sex or national origin. Plaintiffs applied to the ADFA for loan funds made available to the states by HUD. ADFA's stated reasons for denying plaintiffs' application were the property was not a foreclosed property and the application showed the property as commercially zoned for a residential proposal. Compl., Ex. B. Plaintiffs argue they were discriminated against because of race "in the field of employment or employability," *see* Pls.' Resp. to Def's. Mem. at 3 and that "there is no difference between [Sims's] application to be considered a contractor in the instant case than would be the standard required for *prima facie* establishment if he was simply seeking individual employment." *Id*. at 4.

The Court finds that plaintiffs fail to state a claim for relief. Plaintiffs state no facts to support their allegation that HUD knew or should have known of alleged "racially discriminatory practices of ADFA" nor what those practices might be. Their complaint fails to allege any facts as to the actions or inactions of HUD or any of its employees, or as to any facts that could possibly establish a breach of any duty or obligation by HUD. As HUD points out, there are no factual allegations concerning HUD's participation in the NSP application process; knowledge or notice of plaintiffs' allegations and/or opportunity, having been provided such notice, to engage in any investigative or enforcement activity. Moreover, the Court finds Title VII inapplicable to the facts alleged in the complaint.

Because plaintiffs' complaint is vague, conclusory, and general, and does not set forth specific facts in support of the allegations, the Court finds plaintiffs fail to state a claim for relief against HUD.

## Conclusion

IT IS THEREFORE ORDERED that HUD's motion to dismiss [docket entry 8] is hereby granted. Plaintiffs' claims against HUD are dismissed.

DATED this 6th day of May, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE