IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


S & G DEVELOPMENT LLC and  *
DERWIN SIMS,      *
           *
    Plaintiffs,   *
           *
vs.          *  No. 2:10CV00096 SWW
           *
ARKANSAS DEVELOPMENT  *
FINANCE AUTHORITY;   *
DEPARTMENT OF HOUSING AND *
URBAN DEVELOPMENT;   *
and ARKANSAS ECONOMIC  *
DEVELOPMENT COMMISSION; *
           *
    Defendants.  *

### Memorandum Opinion and Order

Derwin Sims is the chief executive officer of S & G Development LLC ("S&G"), a minority-owned corporation. Plaintiffs Sims and S&G allege defendants discriminated against them on the basis of race when defendants denied plaintiffs' application for a federally-subsidized loan. Now before the Court is a motion for judgment on the pleadings filed by the remaining defendants Arkansas Development Finance Authority ("ADFA") and the Arkansas Economic Development Commission ("AEDC") (hereinafter collectively referred to as the "Defendants").[1] Plaintiffs responded to the motion. For the reasons stated below, the motion is granted.

### Introduction

In August 2009, plaintiffs applied to the ADFA for funding for a multi-family housing

---

[1]Plaintiffs identify in the style of their case Mac Dodson as the president of the ADFA and the late Maria Haley as director of the AEDC. They make no allegations against these individuals.

development in Forrest City, Arkansas.  *See* Pls.' Compl., Ex. A.  Their application was denied

because the ADFA found the development was ineligible under the Neighborhood Stabilization

Program.  *Id.*, Ex. B.  According to the ADFA, the property plaintiffs proposed to acquire was

not a foreclosed property and the property was not properly zoned for the proposed

development.[2]    Plaintiffs challenged the ADFA's reasons for finding them disqualified and the

scores the ADFA gave their application.  They also complained to the ADFA that some

applicants did not submit their applications electronically as directed , submitted information

past the deadlines, and failed to meet requirements for a market study analysis.[3]  Plaintiffs assert

that the real reason they were disqualified was race discrimination.  Compl. at ¶ 19.  Plaintiffs

allege that the five applications the ADFA approved were submitted by non-minority controlled

entities and that the ADFA gave some of them special treatment during the application process,

such as not requiring electronic filing, allowing amendment of their applications, and not

requiring them to meet market study guidelines.  *Id.* at ¶¶ 21-26.

Plaintiffs bring their claim of discrimination under Title VII of the Civil Rights Act of

1964, the Arkansas Civil Rights Act ("ACRA"), and 42 U.S.C. § 1981.  Defendants move for

judgment on the pleadings pursuant to Fed.R.Civ.P. 12 (c), arguing plaintiffs fail to plead

sufficient facts to state a claim.  They also assert plaintiffs' claims are barred by sovereign

immunity.

## Discussion

In reviewing a motion for judgment on the pleadings under Rule 12(c), a court applies the

---

[2]Docket entry 1-3, p. 1.

[3]*Id.* at pp. 3-6

same standard used in reviewing a motion to dismiss for failure to state a claim under Rule

12(b)(6).  *Ashley Cnty. v. Pfizer, Inc.,* 552 F.3d 659, 665 (8th Cir. 2009).   Under this standard, a

court must accept as true all of the factual allegations in the complaint and draw all reasonable

inferences in the plaintiff's favor.  *Id.*  Although the factual allegations in the complaint need not

be detailed, they must be sufficient to "raise a right to relief above the speculative level. . . ."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a 12(b)(6) motion,

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Papasan

v. Allain,* 478 U.S. 265, 286 (1986)).  A complaint is plausible if its "factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal,* 129 S.Ct. at 1940. "A grant of judgment on the pleadings is appropriate 'where no

material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of

law.' " *Poehl v. Countrywide Home Loans, Inc.,* 528 F.3d 1093, 1096 (8th Cir.2008) (quoting

*Faibisch v. Univ. of Minn.,* 304 F.3d 797, 803 (8th Cir.2002)).   "A pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of "further factual

enhancement." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

    The Court finds plaintiffs fail to allege sufficient facts to state a plausible claim of race

discrimination under Fed.R.Civ.P. 8(a)(2).  They make no statements to support their bare claim

that the only reason the ADFA rejected their application was race, and the only allegation

plaintiffs make against the AEDC is that it "knew or should have known of the racially

discriminatory practices of the ADFA . . . . " Compl. at ¶ 29.  Plaintiffs' allegations are merely

conclusory.

In addition to finding plaintiffs' complaint fails to comply with the pleading requirements of Rule 8(a), the Court finds plaintiffs fail to state a claim as a matter of law.

Title VII of the Civil Rights Act of 1964 prohibits discriminatory acts committed by an "employer." 42 U.S.C. § 2000e-2(a). Defendants argue that the facts are clear that there was no employment relationship between plaintiffs and defendants. Plaintiffs make no allegation that either the ADFA or AEDC are their employers. S & G is described as a "limited liability corporation," Compl. at ¶ 1, and Sims is described as an "independent consultant an[d] entrepreneur." Compl. at ¶ 2. The Court finds plaintiffs fail to state a claim for relief under Title VII or the Arkansas Civil Rights Act for employment discrimination because defendants were not their employers.[4]

Plaintiffs argue that they do not have to establish an employment relationship in order to pursue their discrimination claim under 42 U.S.C. § 1981. *See Wortham v. American Family Ins. Group*, 385 F.3d 1139, 1141 (8th Cir. 2004)(§1981 embraces all contracts, including those between an independent contractor and another). Here, however, there is no allegation that there was a contract between plaintiffs and defendants.[5] Further, the Eleventh Amendment bars suits filed pursuant to § 1981 against states and state agencies. *Singletary v. Missouri Dep't of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005).[6]

---

[4]Claims premised under the ACRA are analyzed in the same manner as Title VII claims. *Davis v. KARK-TV, Inc.*, 421 F.3d 699 (8th Cir. 2005).

[5]Plaintiffs argue their application was in essence an application for employment and defendants illegally discriminated against them by denying them employment.

[6]The ACRA specifically provides that "[n]othing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas." Ark. Code Ann. § 16-123-104.

4

**Conclusion**

IT IS THEREFORE ORDERED that Defendants' motion for judgment on the pleadings [docket entry21] is granted.  Plaintiffs' claims against defendants are dismissed.  Judgment will be entered accordingly.

DATED this 30th  day of January, 2012.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE